UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BOBO,<br><br>           Plaintiff,<br><br>     v.<br><br>ARIZONA DEPARTMENT OF ECONOMIC SECURITY,<br><br>           Defendant. | Case No. C13-1138-MJP<br><br>REPORT AND RECOMMENDATION |

I.   INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Charles L. Bobo has filed an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint to this Court for review. Dkt. 1-1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice for failure to state a claim upon which relief may be granted and failure to plead federal jurisdiction, and his IFP application, Dkt. 1, be DENIED at moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Plaintiff asserts that his claim involves his denial of general assistance by the Arizona Department of Economic Security. Dkt. 1-1 at 2. Plaintiff's statement of his claim reads, in its entirety: "Food stamp terminated, does not meet ABAWD requirements work requirement for food stamp, general assistance denied (sic)." *Id.*

As a threshold matter, the Court notes that Mr. Bobo has previously filed several complaints nearly identical to this one in this district. *See e.g., Bobo v. Arizona Department of Economic Security*, Case No. C09-1415-JCC; *Bobo v. Arizona Dept. of Economic Security,* Case No. C11-1215-RAJ; *Bobo v. Arizona Department of Economic Security,* Case No. C13-715-RSL.

In C09-1415-JCC, the Honorable John C. Coughenour dismissed the case without prejudice on March 16, 2010, for failure to plead federal jurisdiction. The decision was affirmed by the Ninth Circuit Court of Appeals on June 17, 2010. In C11-1215-RAJ, the Honorable Richard A. Jones, on February 7, 2012, ordered the case be dismissed without prejudice for failure to show proper service of the summons and complaint on the defendant as required by Fed. R. Civ. P. 4(m). Plaintiff's appeal was dismissed by the Ninth Circuit Court of Appeals on July 19, 2012, for failure to file an opening brief. Finally, in C13-715-RSL, the Honorable Robert S. Lasnik, on May 22, 2013, ordered the case be dismissed without prejudice for lack of subject matter jurisdiction and failure to allege a plausible claim for relief against a state agency. Plaintiff is currently appealing Judge Lasnik's decision to the Ninth Circuit Court of Appeals.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

REPORT AND RECOMMENDATION - 2

rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendant on notice of the nature of plaintiff's claims or otherwise provide any basis for jurisdiction in this Court. *See* FRCP 8(a). Although plaintiff asserts in his proposed complaint that he believes the defendant has wronged him in various ways, plaintiff has failed to provide sufficient facts or details to state a cognizable legal claim against the defendant. Thus, his proposed complaint appears frivolous. *See* Dkt. 1-1 at 1-4. Additionally, plaintiff has failed to plead federal jurisdiction of his claim. Dkt. 1-1 at 2.

The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, plaintiff would have to abandon his claim, and allege an entirely new cause of action in order to proceed with this case. As a result, the undersigned recommends against granting plaintiff leave to amend because it is clear that he cannot cure his pleading defects.

REPORT AND RECOMMENDATION - 3

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice, and that his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

DATED this 19th day of July, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge